

# Notice of Service of Process

JWG / ALL
Transmittal Number: 21960825
Date Processed: 08/31/2020

| | |
|---|---|
| Primary Contact: | Amanda Ratliff<br>Menard, Inc.<br>5101 Menard Dr<br>Eau Claire, WI 54703-9604 |
| Electronic copy provided to: | Andrew Akey<br>Kacie Bertrand<br>Ashley Aubart |

| | |
|---|---|
| Entity: | Menard, Inc.<br>Entity ID Number 0033810 |
| Entity Served: | Menard, Inc. |
| Title of Action: | Nabil Keedi vs. Menard, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Winnebago County Circuit Court, IL |
| Case/Reference No: | 2020-L-0000307 |
| Jurisdiction Served: | Illinois |
| Date Served on CSC: | 08/31/2020 |
| Answer or Appearance Due: | 12/02/2020 |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Mark D. Brynteson<br>815-394-1776 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com



EXHIBIT A

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

**Nabil Keedi**

    Plaintiff,

v.

**Menard, Inc.**

    Defendant.

At Law
Case No. 2020-L-0000307

In excess of $50,000.00

## SUMMONS

To Defendant: Menard, Inc.
c/o Prentice Hall Corporation
801 Adlai Stevenson Drive
Springfield, IL 62703

    **YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is attached hereto, or otherwise file your appearance in the Office of the Clerk of this Court at the Winnebago County Courthouse Building located at 400 West State Street in Rockford, Illinois, within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGEMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF IN THE COMPLAINT.** CMC, December 2, 2020 at 9:00 AM in Courtroom 426

THIS CASE IS SET FOR A CASE MANAGEMENT CONFERENCE IN COURTROOM _____ ON _____ AT _____:_____ .M. FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.

To the Officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service fees, if any, immediately after service. If service cannot be made, summons shall be returned so endorsed.

(SEAL OF COURT)

DATE: 8/28/2020

Thomas A. Klein, Clerk of Court
BY: LG
    Deputy Clerk

Electronically Issued Document ID: _____

(To be inserted by officer on copy left with Defendant or other person)

Attorneys for Plaintiff
Mark D. Brynteson #6278824
Tyler M. Crosby #6323771
**American Law Firm**
475 Executive Parkway
Rockford, IL 61107
Office: 815-394-1776
Email: eservice@theamericanlawfirm.com

AUG 3 1 2020

**ELECTRONICALLY FILED**
DOC ID: 10272559
CASE NO: 2020-L-0000307
DATE: 8/28/2020 3:00 PM
BY: L G, DEPUTY

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

**Nabil Keedi**

    Plaintiff,

v.

**Menard, Inc.**

    Defendant.

At Law
Case No.

**2020-L-0000307**

## COMPLAINT

NOW COMES the Plaintiff, **Nabil Keedi**, by and through his attorney, **American Law Firm**, and for his Complaint against Defendant, **Menard, Inc.**, he states as follows:

1. That at all times pertinent hereto the Plaintiff, **Nabil Keedi**, is a resident of the City of Rockford, Illinois, County of Winnebago and State of Illinois.

2. On or about February 7, 2019, and at all times pertinent hereto, the Defendant, **Menard, Inc.**, was a duly licensed Illinois corporation, existing pursuant to the laws of the State of Illinois.

3. That at the aforesaid time and place, and for a long time prior thereto, the Defendant owned or possessed or operated or managed or maintained or controlled and/or had a duty to own, possess, operate, manage, maintain and control, both directly and indirectly, individually and through its agents, servants and employees, a certain building located at 1600 West Lane Road, Machesney Park, County of Winnebago, State of Illinois (hereinafter "Premises").

4. That at the aforesaid time and place, and at all times pertinent hereto, the Defendant, made said Premises available to the general public and said business was, in fact, used by the general public.

5. That at the aforesaid time and place, and at all times pertinent hereto, Defendant invited and allowed Plaintiff to enter said Premises and Plaintiff was, in fact, lawfully on said Premises.

6. That at the aforesaid time and place, and at all times pertinent hereto, the Plaintiff was an intended and permitted user of the Premises owned by the Defendant.

7. That at all times pertinent hereto, the Plaintiff was in the exercise of all due care and caution for his own safety and the safety of others; that care being commensurate with his age, intellect, mental and physical capacities/abilities and the physical circumstances existing at such time and place.

8. On or about February 7, 2019, and at all times pertinent, there existed on the floor of an aisle

of the aforesaid premises an unnatural accumulation of a foreign substance, including but not necessarily limited to a box of merchandise ("dangerous condition"), that posed an unreasonable risk of harm to those lawfully on the premises, including the Plaintiff.

9. On or about February 7, 2019, and at all times pertinent, the Defendant, **Menard, Inc.,** knew or should have known that the dangerous condition of its surface created an unreasonable risk of harm to those lawfully on the premises, including the Plaintiff.

10. That the aforesaid unreasonable dangerous condition was present at said Premises consequential to the negligence of the Defendant as hereinafter set forth.

11. That at the aforesaid time and place, and at all times pertinent hereto, the Defendant had actual and/or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

12. That at the aforesaid time and place, and at all times pertinent hereto, the Defendant had either actual or constructive notice that its failure to either remedy or repair the aforesaid unreasonably dangerous condition, resulted in a high probability that others lawfully upon said Premises, including the Plaintiff, would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

13. That at the aforesaid time and place, and at all relevant times herein, the defendant owed a duty to the Plaintiff, and to the public generally, to refrain from negligent conduct which would endanger the safety of the Plaintiff, said duty included, but was not limited to, refraining from a negligence standard of care in the remedy, repair and maintenance of said Premises in order to guard against foreseeable injuries to third parties proximally caused by the aforesaid unreasonably dangerous condition.

14. That on or about February 7, 2019, the Plaintiff, **Nabil Keedi,** was a patron of the Defendant's, **Menard, Inc.,** inside of the building located at 1600 West Lane Road in the City of Machesney Park, County of Winnebago and State of Illinois.

15. On or about February 7, 2019, and at all times pertinent, the Defendant Menard, Inc.., knew or should have known that the Plaintiff, would be unable to discover the existence of the dangerous condition, and or Plaintiff would otherwise become distracted by the Defendant's advertising and displaying brightly colored items for sale, located at eye level on the shelve, with hopes and expectations that they might be purchased, and that said foreign substance constituted an unreasonable risk of harm to him. See Bulduk v. Walgreen Co., 2015 IL App (1st) 150166-B, 407 Ill. Dec. 543, 63 N.E.3d 975, 981 (which held that defendant had a duty to protect customers from large cleaning machines on the store floor, even if it is an open and obvious danger because "her focus on finding the cosmetic items she wanted to purchase distracted her from noticing the danger the machine posed").

16. At the aforesaid time and place, the Plaintiff, was caused to trip and fall on the above noted dangerous condition including, but not necessarily limited to a box of merchandise, causing the Plaintiff to sustain serious injuries.

17. At the aforesaid time and place, the Defendant, **Menard, Inc.**, committed one or more of the following negligent acts and/or omissions:

   a. Caused a hazardous condition to exist on the floor of its premises;

   b. Failed to properly remove the hazardous condition from on the floor of its premises;

   c. Failed to warn those lawfully on the premises, including the Plaintiff, of the existence of the hazardous condition on its premises;

   d. Failed to properly discover the existence of the hazardous condition on the floor of its premises;

   e. Failed to properly inspect its premises to detect the presence of the hazardous condition on its premises;

   f. Distracted plaintiff; and

   g. Allowed a foreign substance including, but not necessarily limited to, a box of merchandise, to remain on the floor of its premises so long as to constitute an unreasonable risk of harm to those lawfully on the premises, including the Plaintiff.

18. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, **Menard, Inc.**, the Plaintiff, sustained injuries temporary and permanent including, but not limited to his right hand, right shoulder and left knee; Plaintiff was caused to endure great pain and suffering and will be caused to endure great pain and suffering in the future; Plaintiff was at increased risk of future injury; Plaintiff was caused to lose his ability to engage in a normal life; Plaintiff was required to expend large sums of money in the care and treatment of his injuries; Plaintiff was caused to incur out-of-pocket expenses; and Plaintiff was precluded from engaging in his normal affairs, activities and employment, all to his damage in a sum in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, Plaintiff, **Nabil Keedi**, prays for judgment against Defendant, **Menard, Inc.**,, for such sum in excess of $50,000.00 as will adequately compensate him for the injuries and damages set forth above herein plus the costs of this action.

Respectfully submitted,

BY: *Mark D. Brynteson*
One of the Attorneys for Plaintiff

Attorneys for Plaintiff
Mark D. Brynteson #6278824
Tyler M. Crosby #6323771
**American Law Firm**
475 Executive Parkway
Rockford, IL 61107
Office: 815-394-1776
Fax: 815-394-1955
Email: eservice@theamericanlawfirm.com

**ELECTRONICALLY FILED**
DOC ID: 10272559
CASE NO: 2020-L-0000307
DATE: 8/28/2020 3:00 PM
BY: L G, DEPUTY

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

Nabil Keedi

    Plaintiff,

v.

Menard, Inc.

    Defendant.

At Law
Case No.

2020-L-0000307

### RULE 222(b) AFFIDAVIT OF ATTORNEY MARK D. BRYNTESON

STATE OF ILLINOIS    )
    )SS
COUNTY OF WINNEBAGO    )

On this day, the Affiant, Mark D. Brynteson, personally appeared before me the undersigned notary public, after first being duly sworn, deposes and says:

1. That I am over the age of 18, suffer no legal disabilities, have personal knowledge of the facts set forth below, and completely competent to testify; and,

2. That I am the attorney for the Plaintiff, **Nabil Keedi**, in the above en-titled cause.

3. That the claim for total damages in this matter does exceed $50,000.00.

FURTHER AFFIANT SAYETH NOT.

*Mark D. Brynteson*
Mark D. Brynteson

Subscribed and sworn to before me
on Friday, August 28, 2020.

*Brittany Matz*

OFFICIAL SEAL
BRITTANY MATZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/14/24

Attorneys for Plaintiff
Mark D. Brynteson #6278824
Tyler M. Crosby #6323771
**American Law Firm**
475 Executive Parkway
Rockford, IL 61107
Office: 815-394-1776
Fax: 815-394-1955
Email: eservice@theamericanlawfirm.com