IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| NABIL KEEDI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:20-cv-50375 |
| | ) |
| MENARD, INC | ) |
| | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* #1**

NOW COMES the Plaintiff, NABIL KEEDI, by and through his attorneys, SCHWARTZ JAMBOIS, and for his reply to Defendant MENARD, INC's Response in Opposition to Plaintiff's Motion in Limine #1, Plaintiff states as follows:

In Defendant's Response, it incorrectly contends that "two of the three orthopedic surgeons in this case found that the same condition and treatment on the left shoulder bears significantly on the explanation for why the condition of the right shoulder is also degenerative, and not traumatic." Plaintiff's treating physician, Dr. Whitehurst, did not testify to the above notion. Dr. Whitehurst simply stated that his right shoulder had a "similar" diagnosis to the left shoulder. *Dr. Whitehurst Deposition* p. 11, L. 2-10. Dr. Whitehurst testified that Plaintiff developed left shoulder pain in September 2021, about two and a half years after the fall at Menards. *Dr. Whitehurst Deposition*, p. 10, L. 7-24. Dr. Whitehurst did not testify anywhere in his deposition that Plaintiff's left shoulder pain, diagnosis, and treatment had any bearing or explanation to the right shoulder pain, diagnosis and treatment.

Furthermore, Defendant's Retained Expert Dr. Bresch agreed that Plaintiff did not have any pain complaints in his right shoulder prior to his fall at Menards. *Dr. Bresch Deposition*, p. 34, L. 20-24. Dr. Bresch testified that prior to the fall at Menard's, Plaintiff had approximately four visits for left shoulder pain at OrthoIllinois in 2012. *Dr. Bresch Deposition*, p. 56, L. 16-24, p. 57, L. 1-24, p. 58, L. 1-12. He further testified that his last visit for his left shoulder pain prior to the fall at Menards was on March 20, 2012. *Dr. Bresch Deposition*, p. 58, L. 7-12. Dr. Bresch then offered a new undisclosed basis at the end of his deposition elicited by Defense counsel's leading questions that Plaintiff's left shoulder diagnosis and treatment was nearly identical to the right shoulder, which supports his conclusion that the problems with both of his shoulders were chronic in nature. *Dr. Bresch Deposition*, p. 58, L. 24, p. 59, L. 1-11. Said basis was never provided in his disclosure which the Federal Rules require.

FRE 702 provides that "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case."

Illinois law provides that the trial court is the gatekeeper of expert opinions that will be presented to the jury. *Soto v. Gaytan*, 313 Ill.App.3d 137, 146 (2nd Dist. 2000). The trial court must look behind the expert's conclusion and analyze the adequacy of the foundation used to draw

that conclusion. *Id*. This scrutiny is required given the nature of reliability and trustworthiness given to an expert witness. *Id*.

Generally, an expert witness is qualified if, because of his skill, training, or experience, he is better able to form a more accurate opinion as to the matter under consideration than is an ordinary person. *People v. Jackson*, 145 Ill. App. 3d 626, 495 N.E.2d 1207 (1st Dist. 1986). An expert is permitted to state his opinion if the information upon which he is basing it is of a type reasonably relied upon by experts in the field, even though the information may not be admissible in evidence. *Wilson v. Clark* (1981), 84 Ill.2d 186, 193–94, 49 Ill.Dec. 308, 417 N.E.2d 1322. While testimony grounded in 'expert analysis of the known physical facts' is welcomed, conclusory opinions based on sheer, unsubstantiated speculation should be considered irrelevant." *Wiedenbeck v. Searle,* 385 Ill.App.3d 289, 293, 895 N.E.2d 1067 (1st Dist. 2008).

In this case, no one has offered the opinion that the degenerative changes in Plaintiff's left shoulder made him more prone to degenerative changes in his right shoulder. Dr. Bresch opinion pertaining to the left shoulder is a new opinion without any basis. Defendant is attempting to backdoor Plaintiff's unrelated left shoulder issues which will inevitably confuse the jury on the issues in this case. The opinion violates FRE 702 as it does not assist the trier of fact to determine a fact at issue as the left shoulder is not an issue in this case. His opinion is not based on any data or facts as Dr. Bresch fails to offer any basis for this opinion. An expert's opinion is only as valid as the reasons for the opinion. *Modelski v. Navistar Intern. Transp. Corp.,* 302 Ill. App. 3d 879, 885-886 (1st Dist. 1999). Opinions based on guess, speculation, or conjecture are inadmissible. *Id.* A mere possibility is not sufficient to establish an opinion to the requisite reasonable degree of medical certainty. *Pumala v. Sipos,* 163 Ill. App. 3d 1093, 1098 (2d Dist. 1987). Where no factual support for an expert's opinions or conclusions exist, or where the expert

speculates as to the underlying facts to support his opinions, the trial court must bar the expert's opinions. *Gyllin v. College Craft Enters., Ltd.,* 260 Ill. App. 3d 707, 716 (2d Dist. 1994). For the above referenced reasons, any subsequent treatment for his left shoulder should be barred as it violates the Federal Rules of Evidence.

  Even if this Court finds that Dr Bresch can offer this opinion, it is wholly irrelevant to the issues in this case. Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probably than it would be without the evidence. FRE Evid. Rule 401. Irrelevant should be properly barred. FRE Evid. Rule 402. Additionally, even if deemed relevant this information runs the risk of unfair prejudice and confusion for the jury. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. FRE 403. When the evidence will only serve to mislead and confuse the jury, even relevant evidence may properly be excluded in the sound discretion of the trial court. *Gill v. Foster,* 157 Ill.2d 304, 626 N.E.2d 190 (1993). Such is the case here.

  There is no evidence in this case that his left shoulder issues are related to the incident at issue. Plaintiff's subsequent left shoulder pain is not an issue in this case. Plaintiff anticipates that Defense counsel will attempt to elicit testimony regarding Plaintiff's subsequent left shoulder pain and degenerative changes to suggest that Plaintiff was more susceptible to degenerative changes in his right shoulder pain predating this incident. There is no evidence that this is the case. Introducing evidence of Plaintiff's left shoulder pain to suggest this notion would only confuse the jury and be highly prejudicial. As a result, such evidence should be barred.

WHEREFORE, the Plaintiff, NABIL KEEDI, moves this Court for entry of an Order barring Defendant, defense attorneys, and all witnesses at trial from offering any evidence, remark, statement, suggestion, inference, innuendo, testimony or other reference to the Plaintiff's subsequent left shoulder and right leg issues.

Respectfully Submitted,

SCHWARTZ JAMBOIS

s/Jeffrey C. Schwartz

Attorneys for Plaintiff
**SCHWARTZ JAMBOIS**
Jeffrey C. Schwartz (Attorney Identification # 6302956)
60 West Randolph Street, 4th Floor
Chicago, Illinois 60601
Office: (312) 782-2525
Fax: (312) 855-0068
Email: jschwartz@sj-lawgroup.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| NABIL KEEDI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:20-cv-50375 |
| | ) |
| MENARD, INC | ) |
| | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* #2**

NOW COMES the Plaintiff, NABIL KEEDI, by and through his attorneys, SCHWARTZ JAMBOIS, and for his reply to Defendant MENARD, INC's Response in Opposition to Plaintiff's Motion in Limine #2, Plaintiff states as follows:

Defendant asserts that Mr. Moore's opinions about how Plaintiff's fall occurred without actually witnessing it are admissible because they are rationally based on his perceptions and personal observations. Defendant also contends that Mr. Moore is a witness "uniquely" equipped to explain the facts at issue to a jury since he worked with the product that allegedly cut Plaintiff's hand during the fall that he did not witness. For the reasons below, Mr. Moore's speculative testimony should be barred.

Federal Rules of Evidence 701 provides that if the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. "An opinion

is rationally based on a witness's perception if the opinion is 'one that a layperson could normally form from observed facts.'" *People v. Gharrett*, 2016 IL App (4th) 140315, ¶ 72, 53 N.E.3d 332 (quoting Michael H. Graham, Graham's Handbook of Illinois Evidence § 701.1, at 618 (10th ed.2010)); see also U.S. v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010) (quoting U.S. v. Perkins, 470 F.3d 150, 155-56 (4th Cir. 2006) (noting that a key difference between lay opinion testimony and expert testimony under the Federal Rules of Evidence is that "'lay opinion testimony must be based on personal knowledge'").

Plaintiff anticipates that Defendant will attempt to present evidence through its employees, namely Mr. Moore, as to how the Plaintiff fell. There is no evidence in this case that any of the defense witnesses actually observed the Plaintiff's fall at issue. Mr. Moore cannot offer speculative opinions of a fall he did not witness. As previously stated, Defendant did not produce a video illustrating the incident at issue. During Mr. Moore's discovery deposition, Defendant's Assistant Manager Spencer Moore testified that he did not see the fall. *See Spencer Moore's Deposition*, p. 26, L. 6-8. However, Mr. Moore, without any personal knowledge as to how Plaintiff fell, offered multiple speculative opinions as to how Plaintiff cut his hand during his fall., *Spencer Moore Deposition* p. 31, L. 1-20, p. 36, L. 10-24, p. 37, L. 1-4, p. 39, L. 1-5, p.40, L. 9-13. Mr. Moore can certainly testify to his observations of the scene after the fall. However, Mr. Moore cannot provide testimony akin to a reconstruction of a fall he never witnessed. This is improper and violates FRE 701. While Defendant asserts Mr. Moore is uniquely equipped since he worked in this department, he has not been disclosed as an expert witness. He is an assistant manager of Menards. He is also not a medical expert so Mr. Moore cannot offer opinions about how Plaintiff's hand injury correlates to the piece of equipment. Based on the foregoing reasons, any of the

Defendant's witnesses who did not actually witness the fall at issue should be barred from giving testimony that is based upon speculation and conjecture as it violates FRE 701.

WHEREFORE, the Plaintiff, NABIL KEEDI, moves this Court for entry of an Order barring Defendant, defense attorneys, and defense witnesses at trial from offering any evidence, remark, statement, suggestion, inference, innuendo, testimony or other reference to how Plaintiff fell on the date of the incident.

Respectfully Submitted,

s/Jeffrey C. Schwartz

Attorneys for Plaintiff
**SCHWARTZ JAMBOIS**
Jeffrey C. Schwartz (Attorney Identification # 6302956)
60 West Randolph Street, 4th Floor
Chicago, Illinois 60601
Office: (312) 782-2525
Fax: (312) 855-0068
Email: jschwartz@sj-lawgroup.com